IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

In re:

HIE OF EFFINGHAM, LLC,

Debtor.

ROBERT T. BRUEGGE,
Trustee of the Estate of HIE
of Effingham, LLC,

Appellant/Cross Appellee,

vs.                                                    No. 13-0393-DRH
                                                       Consolidated with
                                                       No. 13-0439-DRH
WBCMT 2007 C 33                                        Bk. No. 10-60534
MID AMERICA LODGING, LLC,                              Adv. No. 12-6024

Appellee/Cross Appellant.

## OPINION

**HERNDON, Chief Judge:**

### Introduction

This matter involves two separate bankruptcy appeals that have been consolidated, 13-0393-DRH and 13-0439-DRH.[1]  First, Robert T. Bruegge, as trustee of the bankruptcy estate of HIE of Effingham, LLC ("Debtor"), appeals an order of the United States Bankruptcy Court for the Southern District of Illinois (the "bankruptcy court") dismissing a complaint that Bruegge commenced against

---

[1] On June 6, 2013, the appeals were consolidated and 13-0393-DRH was designated as the lead case (Doc. 20).

WBCMT 2007 Mid-America Lodging, LLC ("WBCMT") to avoid WBCMT's mortgage against Debtor's hotel located in Effingham, Illinois (the "Hotel"). 13-0393-DRH (Doc. 1).  Second, WBCMT appeals from that same order which also granted Bruegge's motion to modify a Stipulation and Agreed Order that provided for the hotel's abandonment upon the occurrence of certain circumstances. 14-0439-DRH).  The bankruptcy court held, *inter alia*, that WBCMT's mortgage was valid under Illinois law and that the hotel's abandonment was ineffective. *In re HIE Of Effingham, LLC.*, 490 B.R. 800 (Bankr. S.D IL. 2013).  The bankruptcy court entered an identical opinion and order in Debtor's Bankruptcy Case No. 10-60534 (the "Bankruptcy Case) and in the Adversary Case No. 12-6024 (the "Adversary Case").  Based on the following, the Court affirms the bankruptcy court's decision finding that the absence of a maturity date and/or interest rate did not allow the bankruptcy trustee to avoid a mortgage under 765 ILCS 5/11 and reverses the bankruptcy court's decision finding that the hotel's abandonment was ineffective.

## II. Facts

The Court adopts the relevant facts as set forth by the bankruptcy court. *See* Fed. R. Bankr.P. 8013 ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous...."). The facts below were discussed in depth by the bankruptcy court and are not disputed by the parties. *In re HIE Of Effingham, LLC.*, 490 B.R. at 804-806.

In 2007, Barclays Capital Real Estate Inc. made a loan to Debtor in the original principal amount of $7,200,000 (the "Loan").  The Loan is secured by the

Hotel.  Through a series of assignments, the promissory note, the mortgage, the loan agreement and other documents were assigned to WBCMT.  The mortgage states that amount of the Loan and the collateral secured by it, but does not state the interest rate and the maturity date.  Instead, the mortgage incorporates these terms by references to the loan agreement and the promissory note.

Debtor defaulted on the Loan and on September 20, 2010, WBCMT filed a foreclosure action in the Circuit Court of Effingham County, Illinois, Case No. 10 CH 52.  On September 27, 2010, Debtor filed a voluntary bankruptcy petition pursuant to 11 U.S.C. §§ 101, *et seq*.  Thereafter, Debtor filed a plan of reorganization and a disclosure statement.  The disclosure statement included a liquidation analysis which showed that the Hotel had liens against it totaling $8.3 million which exceeded the Hotel's purported value of $7,685,000.  WBCMT filed its secured proof of claim against Debtor in the amount of $7,974,710.64.

On March 22, 2011, WBCMT filed its motion for relief from the automatic stay provision to permit the foreclosure of the hotel.  Debtor was the only party to object to the stay relief motion.

On January 4, 2012, the date set for trial on Debtor's amended plan and the stay relief motion, the parties reached a resolution after many months of negotiations.[2] The parties relayed the general terms of the settlement in open Court to presiding Judge Kenneth Myers: (1) that the automatic stay would remain in place for 90 days in order to permit Debtor to pay WBCMT $7,500,000

---

[2] Mark Skaggs, a staff attorney with the Office of the United States Trustee, assisted in the negotiations.

in full satisfaction of WBCMT's claims; and (2) if Debtor failed to pay within the 90-day period, WBCMT would be entitled to relief from stay, Debtor's case would be converted to a proceeding under Chapter 7 and the Hotel would be deemed abandoned. The following exchange took place on the record during the January 4, 2012 hearing:

> Ms. Lopinot:  … In the event that the transaction does not close within 90 days, the case will be converted to a Chapter 7 proceeding, and the automatic stay will be lifted and the property will be deemed abandoned.
>
> The Court:  Okay, I think you're satisfied when its converted I always hate to deem it abandoned.
>
> Mr. Skaggs: I think in this case, Judge, it's fine. In fact, we would have the conversion after the stay is lifted and abandoned [sic] entered so that there would be no chance of appeal of that. Converted [sic] it to 7 will allow the Chapter 7 trustee to go after the Chapter 5 avoidance actions, recovery actions.
>
> The Court:  Okay.
>
> Mr. Skaggs:  And that would be the only other asset of the estate.
>
> The Court:  All right, good, that's the agreement, counsel?
>
> Mr. Audette: Yes, Your Honor, Brian Audette on behalf of the secured lender. That is the agreement we reached in principle. I think that it's fair and under the circumstances it provides some finality from my client's perspective that this will be resolved on way or the other in 90 days. Either we'll [sic] paid the agreed amount or we'll be able to proceed, to pursue our rights in State Court without any opposition from the debtor. So under the circumstances we view it as a –
>
> The Court:  We need to get it finalized. Some final resolution.
>
> Mr. Audette: Correct.

On January 18, 2012, Judge Myers entered a Stipulation and Agreed Order memorializing the parties' agreement. In addition to the above mentioned terms, the Debtor also agreed that if it failed to pay the $7,500,000 within the specified time frame it would waive any and all rights to contest WBCMT's forfeiture and WBMCT's right to the appointment of a receiver for the Hotel. The Order further provided that "[c]ounsel for the moving party shall serve a copy of this Order by mail to all interested parties who were not served electronically." Debtor's counsel, the U.S. Trustee, counsel to a mechanic's lien claimant, Heritage Builders of Effingham, Inc. ("Heritage"), counsel to the Hotel's franchisor, Holiday Hospitality Franchising, Inc. ("HHFI") and counsel to WBCMT all received the Stipulation and Agreed Order electronically via the bankruptcy court's CM/ECF system. None of these parties objected to the Stipulation and Agreed Order. The parties agree that the Stipulation and Agreed Order was not served on all creditors.

Debtor failed to pay the $7,500,000 to WBCMT as required. Thus, the automatic stay was lifted in favor of WBCMT and the Hotel was deemed abandoned. Subsequently, the Effingham County Circuit Court appointed a receiver for the Hotel and the case was converted to a Chapter 7 proceeding. The Court appointed Bruegge as Trustee for the Debtor's estate.

On August 7, 2012, Bruegge field a complaint to avoid mortgage against WBCMT. The basis of that complaint is that the mortgage does not set forth the Loan's interest rate or maturity date in violation of section 11 of the Illinois

Conveyances Act, 765 ILSC 5/11. That same date, Bruegge also filed a motion to modify the Stipulation and Agreed Order arguing that the Hotel's abandonment was ineffective because the WBCMT failed to provide notice of the proposed abandonment to all creditors.

In response, WBCMT filed a motion to dismiss with prejudice Bruegge's complaint to avoid the mortgage and filed an objection to the motion to modify the Stipulation and Agreed Order. On September 25, 2012, bankruptcy judge William V. Altenberger heard oral argument on both motions. On March 29, 2013, Judge Alternberger entered an Order granting WBCMT's motion to dismiss Bruegge's complaint to avoid the mortgage and granting Bruegge's motion to modify the Stipulation and Agreed Order. These appeals followed.

### III. Applicable Standard of Review

Pursuant to 28 U.S.C. § 158, a federal district court has jurisdiction to hear appeals from the rulings of the bankruptcy court. On an appeal, a district court "may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings. Fed.R.Bankr.P. 8013; *see also In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, 1033 (7th Cir. 1993). Accordingly, the Court reviews the Bankruptcy Court's findings of fact for clear error and reviews its conclusions of law *de novo*. *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 776 (7th Cir. 2013); *Stamat v. Neary,* 635 F.3d 974, 979 (7th Cir. 2011); *In re ABC-Naco, Inc.,* 483 F.3d 470, 472 (7th Cir. 2007). The Court reviews mixed questions of fact and law *de novo*. *Mungo v. Taylor,* 355 F.3d 969,

974 (7th Cir. 2004).

### IV. Analysis

#### I. Sufficiency of the WBCMT's Mortgage

After the briefing was completed in this case and prior to the New Year, the Seventh Circuit Court of Appeals addressed these same mortgage arguments in *In re Crane and In re Klasi Properties, LLC.*,--- F.3d ---, 2013 WL 6731850 (7th Cir. December 23, 2013).[3] The Seventh Circuit held:

> "In these two appeals, we address a question that has divided bankruptcy courts in Illinois and pitted mortgage lenders against unsecured creditors. The question is whether, before a 2013 amendment to the Illinois mortgage recording statute, a bankruptcy trustee could use the strong-arm power to avoid a mortgage recorded in Illinois on the ground that the mortgage did not state on its face either a maturity date or an interest rate. Our answer is no. The Illinois statute on the form for recorded mortgages upon which the trustees base their strong-arm efforts, 765 ILL. Comp. Stat. 5/11 (2012), was written in permissive rather than mandatory terms. The absence of a maturity date and/or interest rate did not allow a bankruptcy trustee to avoid a mortgage under the pre-amendment version of 765 ILCS 5/11. Accordingly, we affirm the judgment of the district court in the *Crane* case, No-1518, and the judgment of the bankruptcy court in the *Klasi Properties* case, No. 13-1277."

*Id*. at * 1. Further, in conclusion, the Seventh Circuit held:

> To conclude, the recorded mortgages at issues in these appeals failed to state the interest rates and maturity dates of the underlying debt. Even so, the mortgages supplied the essential terms of a mortgage under Illinois law and were sufficient to satisfy the common law and the permissive terms of 765 ILCS 5/11. Thus, the mortgages

---

[3] Robert T. Bruegge also was the trustee of the Estate of Klasi Properties, LLC. A review of the Bruegge's appellate brief (*In re Klasi Properties, LLC*, 13-1277, Doc. 11) reveals that it contains virtually the same arguments that appellant raises in his brief in this appeal.

> provide constructive record notice of the mortgages to the trustees, so that the trustees may not avoid mortgages under 11 U.S.C. § 544(2)(3).

*In re Crane*, --- F.3d ---, 2013 WL 6731850 *6.

In this case, seven of the nine identifiers were present in the mortgage instrument. The mortgage included the following information: (1) the name of the mortgagor and the mortgagee, (2) the nature of the indebtedness, (3) the amount of the indebtedness it secured, (4) that the indebtedness is secured by a promissory note, (5) the legal description of the property subject to the mortgage, and (6) the signature of the mortgagor. While the mortgage did not contain the interest rate or the maturity date; those terms were incorporated by numerous references to the Loan Agreement and the Promissory Note. The bankruptcy judge held that was sufficient to impart constructive notice to the trustee and concluded that the failure to include the terms in § 11 did not invalidate the mortgage, as the provision is permissive. *Id.* at 817-820. Clearly, the Seventh Circuit's recent decision applies and is dispositive of appellant's appeal. Thus, the Court **AFFIRMS** the bankruptcy judge's decision on this issue.

### II. **Abandonment of the Hotel**

The bankruptcy court found:

> Here, both the trustee and the debtor agreed in advance to the motion of the party in interest for abandonment. Does that mean that no other parties in interest need to be given notice of this Motion for Abandonment? This Court answers in the negative. The Court holds that the consent of the creditor, the trustee and the debtor together cannot be used to circumvent the notification to all creditors as provided in the rule.

*In re HIE of Effingham, LLC*, 490 B.R. 810-811. In conclusion, the bankruptcy court found:

> Given the number of procedural deficiencies in this case, the Court has no choice but to conclude that the purported abandonment was ineffective. Accordingly, the Court rejects abandonment as a basis for dismissing the Trustee's complaint. Further, based on the foregoing, the Trustee's motion to modify the January 18, 2012 Stipulation and Agreed Order is granted and any provisions in said order purporting to abandon the hotel property are stricken.

*Id*. at 810-811.

WBCMT maintains that the bankruptcy court erred when it entered the Order modifying the Stipulation and Agreed Order and avoiding the Hotel's abandonment. WBCMT argues that it was not required to provide notice of the Hotel's proposed abandonment to all creditors. Further, WBCMT argues that the Hotel's abandonment was not ineffective because the Stipulation and Agreed Order did not state whether the Hotel was burdensome or of inconsequential value. Also, WBCMT asserts that the oral request for a hearing satisfied the requirement that such a request be a motion. Bruegge counters that the bankruptcy court's decision finding that the Hotel was not abandoned should be affirmed. Bruegge contends that all creditors and parties in interest must receive notice of a proposed abandonment and no such notice was given. Thus, Bruegge maintains that the abandonment was ineffectual.

11 U.S.C. § 554 provides in part:

(a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> ….

Further, Bankruptcy Rule 6007 provides additional instructions to the parties regarding the notice to be given for a motion seeking abandonment. Rule 6007 states in part:

> **(a) Notice of proposed abandonment or disposition; objections; hearing**
> Unless otherwise directed by the court, the trustee or debtor in possession shall give notice of a proposed abandonment or disposition of property to the United States trustee, all creditors, indenture trustees, and committees elected pursuant to § 705 or appointed pursuant to § 1102 of the Code. A party in interest may file and serve an objection within 14 days of the mailing of the notice, or within the time fixed by the court. If a timely objection is made, the court shall set a hearing on the notice to the United States trustee and to the other entities as the court may direct.
>
> **(b) Motion by party in interest**
> A party in interest may file and serve a motion requiring the trustee or debtor in possession to abandon the property of the estate.

Fed.R.Bank.P. 6007.

Clearly, if the bankruptcy trustee or debtor files a motion seeking to abandon property of the bankruptcy estate, he or she must give notice to all creditors as required by 6007(a). However, Rule 6007(b), which governs motions filed by creditors and other third parties, is silent on the issue of whom is to be given notice of such motions. Obviously, Section 554(b) of the Bankruptcy Code requires "notice" and Rule 6007(b) requires "notice." Though neither indicates who must receive the notice. Collier on Bankruptcy provides:

> Unlike *Rule 6007(a)*, which specifies who is to be served with a trustee's notice of abandonment, *Rule 6007(b)* is silent as to which parties should be served with the motion to compel abandonment. The 1983 Advisory Committee Note to *Rule 6007(b)*, stating that the rule lists the parties who should receive notice, is therefore confusing. Where the rules are silent on the proper parties to serve, *Rule 9013* provides for service on parties as directed by the court. Courts generally require service on all creditors, indenture trustees, committees and the United States trustee, i.e., the same parties entitled to notices of intent to abandon under *Rule 6007(a)*.

*Collier on Bankruptcy* ¶ 6007.02[2][B] (16th ed. 2012)(emphasis in original).

Following Collier's direction, a creditor filing a motion to abandon should review Bankruptcy Rule 9013, which states in relevant part:

> A request for an order ... shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

Fed.R.Bank.P. 9013. Thus, under Rule 6007(b) and Rule 9013, a creditor must serve the trustee or debtor in possession, and "the entities the court directs." A court can vary the parties entitled to notice either by local rule or by order in a specific case. *E.g.*, 10 *Collier on Bankruptcy* ¶ 6007.02 [1][a]. at 6007-3.

There is no doubt that the cases cited by both Bruegge and the bankruptcy court found that the motions seeking abandonment by the trustee and/or debtor require service on all creditors. Here, however, Judge Myers approved limited notice when he directed that the Stipulation and Agreed Order must be served upon "interested parties who were not served electronically." At that time the

interested parties were Debtor, WBCMT, the U.S. Trustee, HHFI and Heritage. Further, there is no dispute that all parties that participated in Debtor's case received notice of the Hotel's proposed abandonment including all creditors that held liens against the Hotel and the vast majority of debtor's general unsecured creditors, which consisted primarily of Keller, his family members, his companies and the family trusts. Thus, there is no dispute that all of these interested parties received notice of the Hotel's proposed abandonment.

Further, the Court rejects the finding that the Stipulated and Agreed Order was ineffective because it did not contain a finding that the property is burdensome or of some inconsequential value. The record reveals that the Debtor had no equity in the hotel. Further, no other party contended otherwise. "Fully encumbered property which has no potential for equity for unsecured creditors should be abandoned." *Barber v. Westbay (In re Intergrated Agri, Inc.*), 313 B.R. 419, 425 (C.D. Ill 2004); *In re Feinstein Family P'Ship*, 247 B.R. 502, 507 (M.D. Fla. 2000)("[i]t is now almost universally recognized that where the estate has no equity in the property, abandonment is virtually always appropriate because no unsecured creditor could benefit from administration."). Based on the record, it is clear that the Hotel was of inconsequential value. Debtor could neither confirm a plan nor pay WBCMT the agreed amount. Thus, the Stipulation and Agreed Order did not need such a finding and Section 554 does not require such an explicit finding.

Next, the Court finds that oral request for abandonment during the hearing

satisfied the requirement under Rule 9013 and the bankruptcy court acknowledged that request was made.

Lastly, the Court finds that the Hotel's abandonment did not result from a mistake or false or misleading information. The parties reached a settlement after they negotiated for many months with the assistance Mr. Skaggs and the parties discussed the proposed abandonment with Judge Myers when they announced the settlement in open court. The Stipulation and Agreed Order was not ambiguous with respect to the parties' intentions regarding the Hotel's potential abandonment. Thus, based on the record, the Court finds that the abandonment in this case was proper and effective. Therefore, the Court **REVERSES** the bankruptcy court's decision regarding abandonment.

## V. Conclusion

Thus, the Court **AFFRIMS** the decision of the bankruptcy court regarding the mortgage issue and **REVERSES** the decision of the bankruptcy court regarding the Hotel's abandonment.

**IT IS SO ORDERED.**

Signed this 28th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.28 04:12:52 -05'00'

**Chief Judge**
**United States District Court**